IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ERVIN SUELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-2601-STA-egb |
| | ) | |
| SHELBY COUNTY, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING COMPLAINT, CERTIFYING AN APPEAL WOULD NOT
BE TAKEN IN GOOD FAITH, AND NOTIFYING PLAINTIFF
OF APPELLATE FILING FEE

On July 20, 2016, Plaintiff Ervin Suell ("Suell"), a pre-trial detainee at the Shelby County Criminal Justice Center ("Jail"), in Memphis, Tennessee, filed a Pro Se Complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On July 21, 2016, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b) (ECF No. 4). The Clerk shall record the Defendants as Shelby County[1] and Nurse First Name Unknown Watsone.

## **BACKGROUND**

Suell alleges that upon his incarceration at the Shelby County Jail, his prescription for glaucoma and eye pressure was abruptly stopped. (Compl. at 2, ECF No. 1.) Suell further contends that following Suell's brain surgery, his doctor faxed all the documents pertaining to Suell's condition to the jail. However, the medical staff at the jail is administering medicine to

---

[1] The Court construes claims against the jail as claims against Shelby County. The Clerk is DIRECTED to remove Shelby County Jail as a defendant and add Shelby County.

Suell, which causes Suell to suffer severe tension headaches, as well as Tylenol for pain but without providing Suell with information on possible side-effects of the medicine. (*Id.*) Suell elaborates that he had brain surgery in February 2014 to correct severe hemorrhaging and was prescribed "cobigan and lumigan" to reduce eye pressure from his degenerative eye disease, glaucoma. (*Id*. at 2.) According to Suell, medical staff abruptly stopped his prescribed medication without explanation and began to issue him "timolol, bridine, and laptatnol citrate" instead. (*Id.*) Suell alleges that the new medication administered by the medical staff has caused his eye conditions to deteriorate, causing him excruciating pain from eye pressure and a subsequent migrain, and left him incapacitated. (*Id*. at 3.)

In his Affidavit of Complaint, Suell alleges that on March 16, 2016, when he was being evaluated for blood pressure spikes, the nurse swore at Suell stating he made her sick and that while he thought he knew his rights, he did not know "shit." (Affidavit of Compl. at 1, ECF No. 1-1.) Suell contends that the statement, which was witnessed by Officer Bryant (who is not a party to this action) was cruel and caused him mental anguish and emotional distress. (*Id.* at 1-2.) Suell seeks to have his proper medication as well as compensatory and punitive damages. (Compl at 3, ECF No. 1.)

## **SCREENING STANDARD**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## **ANALYSIS**

Suell filed his Pro Se Complaint on the official form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such

officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

**I. Claims Against Shelby County**

The Court holds that Suell has failed to state a claim against Shelby County. When a § 1983 claim is made against a municipality or other local government, the Court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The second issue is dispositive of plaintiff's claim against Shelby County.

A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular

injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. at 326 (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g.*, *Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); *Yeackering v. Ankrom*, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); *Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); cf. *Raub v. Correctional Med. Servs., Inc.*, No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); *Cleary v. Cnty of Macomb*, No. 06-15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); *Morningstar v. City of Detroit*, No. 06-11073, 2007 WL 2669156, at *8

(E.D. Mich. Sept. 6, 2007) (same); *Chidester v. City of Memphis*, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). The allegations of the Pro Se Complaint fail to identify an official policy or custom which caused injury to Suell. Instead, it appears that Suell is suing Shelby County because he was confined in a county institution, and Shelby County employed persons who allegedly violated his rights. These allegations fail to state a claim against Shelbly County. Therefore, the Pro Se Complaint is **DISMISSED** as to Shelby County.

## II. Claims Against Nurse Watsone

The Court next holds that the Pro Se Complaint fails to state a claim against Nurse Watsone. The pleadings contain no factual allegations against Defendant Watsone. Although Suell states that a nurse cursed at him, the Pro Se Complaint does not name the nurse or refer to Watsone. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Suell's claim against Nurse Watsone must be dismissed for this reason alone.

To the extent that Suell alleges a claim against Watsone and other medical staff at the jail, the Pro Se Complaint fails to state a claim. Suell first alleges that Defendants refused to provide needed medical treatment. It is not clear whether Suell was a pretrial detainee or was serving a sentence at the jail. In any event, for both pretrial detainees and convicted prisoners, the Sixth Circuit analyzes claims for failure to provide adequate medical care under the Eighth Amendment's deliberate indifference standard, even after the decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015).[2] *See Morabito v. Holmes*, 628 F. App'x 353, 356-58 (6th

---

[2] In *Kingsley*, the Supreme Court held that excessive force claims brought by pretrial detainees must be analyzed under the Fourteenth Amendment's standard of objective reasonableness, rejecting a subjective standard that takes into account a defendant's state of mind. *Id.* at 2472-73.

7

Cir. 2015) (applying the objective reasonableness standard to pretrial detainee's excessive force claims and deliberate indifference standard to claim for denial of medical care).

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Curtin*, 631 F.3d at 383; *Mingus v. Butler,* 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298. In the context of an Eighth Amendment claim based on a lack of medical care, the objective component requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897 (internal quotation marks omitted); *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009); *Woods v. Lecureux*, 110 F.3d 1215,1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at

835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and also disregards that risk. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not state a claim for deliberate indifference. *Id.* at 838.

Here Suell does not allege that any Defendant was indifferent to his serious medical needs but instead asserts that medical staff failed to give him the proper prescription or the inserts to the medicine. At best the Pro Se Complaint suggests that Suelle is receiving medical treatment, just not the treatment he believes he needs. Where the plaintiff has received some medical treatment, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Burgess v. Fischer*, 735 F.3d 462, 476 (6th Cir. 2013) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Suell's claims if anything sounds in negligence or medical malpractice, neither of which suffice to make out a § 1983 claim. Therefore, the Court concludes that Suell fails to the subjective component of a claim for denial of medical care.

Suell also alleges that an unspecified nurse used offense language while speaking to him causing mental anguish and emotional distress. A "defamatory" comment does not satisfy the objective component of an Eighth Amendment claim. *See, e.g., Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (no Eighth Amendment claim for prison guard's "use of racial slurs and other derogatory language"); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (a guard's verbal threat to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights"); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits");

*Johnson v. Moore*, 7 F. App'x 382, 384 (6th Cir. 2001) ("Allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." (citation omitted)); *Owens v. Johnson*, No. 99-2094, 2000 WL 876766, at *2 (6th Cir. June 23, 2000) ("The occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. The petty exchanges of insults between a prisoner and guard do not amount to constitutional torts." (citation omitted)). Therefore, Suell's Pro Se Complaint fails to state a claim.

### III. Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with

the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

## **CONCLUSION**

The Court DISMISSES Suell's complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED because the deficiencies in Suell's complaint cannot be cured.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the

Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 6, 2017.